UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DANIEL K. DEONARINE,

                          Plaintiff,

          -against-

LOUIS DeJOY, Postmaster General; U.S.
POSTAL SERVICE,

                          Defendants.

1:23-CV-11116 (LTS)

TRANSFER ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Daniel K. Deonarine, of Saint Albans, Queens County, New York, brings this *pro se* action apparently asserting claims of discrimination and retaliation under the Age Discrimination in Employment Act of 1967 ("ADEA"), arising from his former employment with the United States Postal Service ("USPS") at a facility in Queens County.[1] By order dated January 2, 2024, the Court granted Plaintiff *in forma pauperis* ("IFP") status.[2] For the following reasons, the Court transfers this action, under 28 U.S.C. § 1404(a), to the United States District Court for the Eastern District of New York.

---

[1] The document that the Clerk of Court has docketed as Plaintiff's "complaint" is not a complaint; it is a December 5, 2023 non-final administrative decision of the United States Equal Employment Opportunity Commission regarding Plaintiff's administrative ADEA complaint against the USPS.

[2] Plaintiff has also filed an application for the court to request *pro bono* counsel. (ECF 3.) That application reveals the name of at least one minor child. Under Rule 5.2(a)(3) of the Federal Rules of Civil Procedure, court submissions are only allowed to reveal the initials of the name of a minor child, not the child's full name. *See* Fed. R. Civ. P. 5.2(a)(3). In an abundance of caution, the Court has directed the Clerk of Court to limit electronic access to the abovementioned application to a "case participant-only" basis.

**DISCUSSION**

Claims under the ADEA arising from federal employment must be brought in a United

States District Court for:

> any judicial district in which (A) a defendant in the action resides, (B) a
> substantial part of the events or omissions giving rise to the claim occurred, or a
> substantial part of property that is the subject of the action is situated, or (C) the
> plaintiff resides if no real property is involved in the action.

28 U.S.C. § 1391(e)(1); *see Noveda v. USPS*, No. 23-CV-6041 (LTS), 2023 WL 5152694, at *1-2

(S.D.N.Y. July 18, 2023); *Spriggs v. Brownlee*, Nos. 5:04-CV-0644, 5:04-CV-0968, 5:04-CV-

1064, 2006 WL 1304861, at *9 (N.D.N.Y. May 9, 2006); *Scarias v. Sec'y of the U.S. Dep't of*

*Agric.*, No. 90-CV-3223, 1991 WL 99210, at *1 (S.D.N.Y. May 20, 1991). Under Section

1391(c), for venue purposes, a "natural person" resides in the judicial district where the person is

domiciled, and any other "entity with the capacity to sue and be sued," if a defendant, resides in

any judicial district where it is subject to personal jurisdiction with respect to the civil action in

question. *See* § 1391(c)(1), (2).

Plaintiff, who resides in Queens County, appears to sue Postmaster General Louis DeJoy

and the USPS, but he does not allege facts showing where either defendant resides, though it is

clear that the USPS resides within this judicial district.[3] Thus, this court is a proper venue for

Plaintiff's claims under Section 1391(e)(1)(A).

Plaintiff seems to allege that the events that are the bases for his claims occurred where

he worked for the USPS, at a facility in Queens County, which is located in the Eastern District

---

[3] The judicial district for this court, the Southern District of New York, is comprised of
the following New York State counties: (1) New York (New York City Borough of Manhattan);(2) Bronx (New York City Borough of the Bronx); (3) Westchester; (4) Dutchess;
(5) Rockland; (6) Orange; (7) Putnam; and (8) Sullivan. *See* 28 U.S.C. § 112(b).

of New York. *See* 28 U.S.C. § 112(c). Thus, under Section 1391(e)(1)(B), the United States

District Court for the Eastern District of New York is a proper venue for this action.

In addition, because Plaintiff's claims do not appear to involve real property, and because

Plaintiff resides in Queens County, in the Eastern District of New York, *see id.*, under Section

1391(e)(1)(C), the United States District Court for the Eastern District of New York is again a

proper venue for this action.

Plaintiff alleges nothing to suggest that, under Section 1391(e)(1)(B) or (C), this court is

a proper venue for this action.

Under 28 U.S.C. § 1404(a), even if an action is filed in a federal district court where

venue is proper, a court may transfer the action to any other federal district court where it might

have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28

U.S.C. § 1404(a). In determining whether transfer is appropriate, courts consider the following

ten factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of

operative facts; (4) the availability of process to compel the attendance of unwilling witnesses;

(5) the location of relevant documents and the relative ease of access to sources of proof; (6) the

relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight

accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice,

based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 458-59 (S.D.N.Y.

2011); *see also N.Y. Marine & Gen. Ins. Co. v. LaFarge N. Am., Inc.*, 599 F.3d 102, 112 (2d Cir.

2010) (setting forth similar factors).

Under Section 1404(a), transfer to the United States District Court for the Eastern District

of New York is appropriate for this action. Plaintiff resides, and the alleged events occurred, in

the Eastern District of New York. It is also reasonable to expect that relevant documents and

witnesses would be located in that judicial district. Thus, the United States District Court for the

Eastern District of New York appears to be a more convenient forum for this action. Accordingly,

this Court transfers this action to that court. *See* § 1404(a); *D.H. Blair & Co. v. Gottdiener*, 462

F.3d 95, 106 (2d Cir. 2006) ("District courts have broad discretion in making determinations of

convenience under Section 1404(a) and notions of convenience and fairness are considered on a

case-by-case basis.").

**CONCLUSION**

The Court directs the Clerk of Court to transfer this action to the United States District

Court for the Eastern District of New York. *See*  28 U.S.C. § 1404(a). This Court defers to the

transferee court as to a decision with respect to Plaintiff's application for the court to request *pro*

*bono* counsel. (ECF 3.) This order closes this action in this court.

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order

would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal.

*See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   January 26, 2024
         New York, New York

                                            /s/ Laura Taylor Swain
                                            LAURA TAYLOR SWAIN
                                            Chief United States District Judge