UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
                                                                           :

**DANIEL K. DEONARINE**,

                        Plaintiff,

               – against –

**UNITED STATES POSTAL SERVICE** and
**LOUIS DEJOY**,

                       Defendants.

**ORDER**

24-CV-787 (AMD) (JRC)

------------------------------------------------------------------ X

**ANN M. DONNELLY**, United States District Judge:

On December 21, 2023, the *pro se* plaintiff brought this action in the United States District Court for the Southern District of New York ("SDNY") against the United States Postal Service ("USPS") and United States Postmaster General Louis DeJoy. (ECF No. 1.) He also filed a request to proceed *in forma pauperis*, which SDNY Chief United States District Judge Laura Taylor Swain granted on January 2, 2024 (ECF Nos. 2, 5), and a request for the Court to appoint *pro bono* counsel (ECF No. 3). On January 26, 2024, Judge Swain ordered that the case be transferred to this Court. (ECF No. 6.)

For the reasons explained below, the plaintiff's complaint and request for *pro bono* counsel[1] are denied without prejudice. The plaintiff is granted leave to file an amended complaint within 30 days after the entry of this Order.

---

[1] The Court respectfully directs the Clerk of Court to restrict access to the *pro bono* application (ECF No. 3) to party view only because the filing includes the full names of the plaintiff's minor children. *See* Fed. R. Civ. P. 5.2(a)(3).

**BACKGROUND**

The plaintiff commenced this action by filing a copy of a U.S. Equal Employment Opportunity Commission Administrative Judge's December 5, 2023 decision and order ("EEOC decision") granting the USPS's motion for summary judgment on the plaintiff's administrative EEOC complaint, which SDNY docketed as a "complaint." (*See* ECF No. 1 at 1.) According to the EEOC decision, the plaintiff filed a formal complaint with the EEOC on June 23, 2022, alleging that the USPS "subjected [him] to discriminatory harassment" because of his age and retaliation for "Prior EEO Activity." (*Id.* at 1–2.) The EEOC Administrative Judge found that the plaintiff did not establish a *prima facie* case of discrimination or retaliation, and granted summary judgment for the USPS on both claims, dismissed the plaintiff's request for a hearing, and "returned [the case] to the Agency for the issuance of a Final Agency Decision." (*Id.* at 9–12.)

**LEGAL STANDARD**

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim is plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Matson v. Bd. of Educ. of the City Sch. Dist. of N.Y.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although all allegations in a complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.

Rule 8 of the Federal Rules of Civil Procedure requires the plaintiff to provide a short, plain statement of his claim against each defendant named so that they have adequate notice of the claims against them. *See id.* at 677–78. A pleading that "tenders 'naked assertion[s]' devoid of 'further factual enhancement'" will not suffice. *Id.* (quoting *Twombly*, 550 U.S. at 557). To

2

satisfy this standard, a complaint must at a minimum "disclose sufficient information to permit the defendant to have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery." *Kittay v. Kornstein*, 230 F.3d 531, 541 (2d Cir. 2000) (citation omitted). "When a complaint fails to comply with these requirements [contained in Rule 8], the district court has the power, on motion or *sua sponte*, to dismiss the complaint or to strike such parts as are redundant or immaterial." *Chapman v. U.S. Dep't of Justice*, 558 F. Supp. 3d 45, 48 (E.D.N.Y. 2021) (quoting *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995)).

Although a *pro se* plaintiff's pleadings are held "to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)), a district court must dismiss an *in forma pauperis* action if the complaint is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief," 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). *See also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, the court "remain[s] obligated to construe a *pro se* complaint liberally").

## DISCUSSION

To commence a civil action in federal court, a plaintiff must file a complaint that includes a short, plain statement of the plaintiff's claims against each defendant. *See* Fed. R. Civ. P. 3, 8(a). The plaintiff filed the EEOC decision, not a complaint. He does not explain why he is entitled to relief in this Court, what claims he seeks to bring in this Court, or why the Court has subject matter jurisdiction to hear his claims.

Accordingly, the complaint is deficient under Rule 8 and 28 U.S.C. § 1915 and must be dismissed. *See, e.g.*, *Williams v. Amazon*, No. 24-CV-2733, 2024 U.S. Dist. LEXIS 72036, at *4 (E.D.N.Y. 2024); *Hodge v. N.Y. Unemployment*, No. 24-CV-1631, 2024 U.S. Dist. LEXIS 64026, at *2–3 (E.D.N.Y. Apr. 8, 2024).

**LEAVE TO AMEND**

A *pro se* plaintiff should ordinarily be given the opportunity "to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Shomo v. City of New York*, 579 F.3d 176, 183 (2d Cir. 2009) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). The Court grants the plaintiff 30 days to file an amended complaint.

If the plaintiff decides to file an amended complaint, he must include facts sufficient to support a cognizable violation of the employment laws, as well as the basis for the Court's jurisdiction. For example, the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §§ 621 *et seq.*, is a federal statute that prohibits an employer from discriminating against "any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). Both the ADEA and Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.*, prohibit employers from discriminating against an employee "in retaliation for [the] employee's complaints" about the employer's unlawful, discriminatory practices. *Ingrassia v. Health & Hosp. Corp.*, 130 F. Supp. 3d 709, 723 (E.D.N.Y. 2015); *see also, e.g.*, *Freckleton v. Ambulnz NY LLC*, No. 21-CV-4615, 2022 U.S. Dist. LEXIS 180014, at *16–17 (E.D.N.Y. Sept. 30, 2022).

Although the plaintiff may attach documents as exhibits in support of his amended complaint, he must provide enough factual context to satisfy Rule 8 — he may not rely on exhibits to take the place of a statement of claims. *See, e.g.*, *Williams*, 2024 U.S. Dist. LEXIS 72036, at *5–6; *Irons v. U.S. Gov't*, No. 21-CV-4683, 2021 U.S. Dist. LEXIS 184635, at *3 (E.D.N.Y. Sept. 27, 2021) ("Neither the court nor defendants should have to parse through the complaint or the attached exhibits to ascertain the factual basis for plaintiff's claims."). The plaintiff should attach all relevant documentation — from the EEOC or any other agency — that

bears on whether he exhausted his administrative remedies.  The new complaint must be captioned "Amended Complaint" and bear the same docket number as this Order: 24-CV-787 (AMD) (JRC).

If the plaintiff does not file an amended complaint within the time allowed or show good cause for an extension to file the amended complaint, the Clerk of Court will be directed to enter judgment and close this case.  The plaintiff is encouraged to contact the City Bar Justice Center's Federal Pro Se Legal Assistance Project at (212) 382-4729 for free, confidential, limited-scope legal assistance.

## CONCLUSION

For these reasons, the complaint is dismissed with leave to amend within 30 days. All further proceedings are stayed for 30 days.

The plaintiff's application for the Court to appoint pro bono counsel is also denied without prejudice. The plaintiff may contact the City Bar Justice Center's Federal Pro Se Legal Assistance Project at (212) 382-4729 for free, confidential, limited-scope legal assistance.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is respectfully requested to mail a copy of this Order to the plaintiff along with an employment discrimination complaint form and to note the mailing on the docket.

**SO ORDERED.**

s/Ann M. Donnelly

ANN M. DONNELLY
United States District Judge

Dated: Brooklyn, New York
       May 14, 2024